## WALTERS et al. v. ANGLO-AMERICAN MORTGAGE & TRUST CO.

*(Circuit Court, D. Nebraska. April 10, 1892.)*

1. CIRCUIT JUDGE—AUTHORITY AT CHAMBERS—DISCHARGE OF RECEIVERS.
   A circuit judge has authority to hear at chambers a motion to discharge a receiver.

2. CORPORATIONS—RECEIVERS—AUTHORITY OF PRESIDENT.
   The president of a corporation has no power, without the authority of the directors or stockholders, to consent to the appointment of a receiver to wind up the affairs of the corporation.

3. SAME—RECEIVERS—DISCHARGE.
   The president, secretary, and treasurer of a corporation being about to be turned out of office by the directors, the latter two filed a bill alleging that the company was insolvent, and asking the appointment of a receiver to wind up its affairs. The president immediately appeared in court, and consented thereto in behalf of the company. The receiver was thereupon appointed, without any consideration of the bill, and without the court's attention being called to the president's want of authority to enter consent. *Held,* that the receiver would be discharged on the application of the directors; it appearing that the bill was entirely without merit, and that the proceeding was instituted for the purpose of wrecking the company, and obtaining control of its business.

In Equity. Bill by Edwin H. Walters and Joseph V. McDowell against the Anglo-American Mortgage & Trust Company for the appointment of a receiver. Heard at chambers on motion to discharge the receiver. Granted.

*John L. Webster* and *H. D. Estabrook,* for complainants.

*James Gardner Clark* and *John P. Breen,* for defendant.

CALDWELL, Circuit Judge. L. W. Tulleys was president, John V. McDowell secretary, and Edwin H. Walters treasurer, of the Anglo-American Mortgage & Trust Company. The governing body of the corporation consisted of a board of seven directors. A majority of the directors, and a majority in value of the stockholders, were in favor of removing Tulleys, McDowell, and Walters from the offices held by them, respectively, in the company. The board of directors and stockholders had effected such removal, or were about to do so, when McDowell and Walters filed the bill in this case, alleging that the company was insolvent, and praying for the appointment of a receiver and the winding up of the affairs of the corporation. The bill was filed by them as stockholders; McDowell being the owner of 12 and Walters the owner of 5 shares of the capital stock of the company, of the par value of $100 per share. The capital stock of the company is $99,250. Tulleys, the president of the company, without the authority or knowledge of the directory or the stockholders, voluntarily appeared in court the same day the bill was filed, and filed an answer in the name of the company, confessing the allegations of the bill, and consenting to the appointment of a receiver. The court, supposing that the answer was filed by the authority of the corporation, entered an order appointing a receiver, as prayed for in the bill, and consented to in the answer filed by its president, Tulleys. As soon as the board of directors of the company were advised of the filing of the bill, and of the appointment of the receiver,

the action of the president in consenting to the same was disaffirmed and denounced as a fraud upon the corporation; and counsel were immediately employed by the company to defend the suit, and to procure the discharge of the receiver. A motion was soon thereafter filed by the company, by authority of its board of directors, to vacate the order appointing the receiver, and to discharge the receiver.

The judge of the district being absent, in a foreign country, due notice was given that the motion would be heard before the circuit judge at chambers. In conformity to such notice, counsel for each side have appeared and argued the motion. The judge of the circuit court undoubtedly has jurisdiction to hear the motion at chambers; but it is a jurisdiction which I would not be inclined to exercise if the district judge was to be found in his district. For many purposes the circuit courts of the United States, as courts of equity, are always open. Equity Rules 1, 3, 4. The authority of a judge at chambers is the authority of the court itself. Per TINDAL, C. J., *Doe dem. Prescott* v. *Roe*, 9 Bing. 104. The practice and the jurisdiction of the judge at chambers in chancery suits is in many instances so intimately blended and incorporated with the practice and jurisdiction of the court that it is sometimes difficult to separate the one from the other. The exercise of chambers jurisdiction in equity cases is absolutely essential for the purpose of preventing the delay, injustice, expense, and inconvenience which must inevitably ensue if applications for relief had to be made in all cases to the court in session. A motion to discharge a receiver may be heard at chambers, upon due notice, and will be granted when it appears that he was improvidently appointed, or that there is any other sufficient reason for his discharge. *Railroad Co.* v. *Sloan*, 31 Ohio St. 1; *Crawford* v. *Ross*, 39 Ga. 44; Beach, Rec. § 778.

The bill on its face makes no case for the appointment of a receiver. It may well be doubted whether a court of chancery, in the absence of a statute authorizing it, has jurisdiction, at the suit of a stockholder, to wind up the affairs of a corporation on the ground of its insolvency. It is said courts of equity have no greater control over the affairs of a private corporation when it becomes insolvent than they have over the affairs of an individual. They are not courts of bankruptcy. *Glenn* v. *Liggett*, 47 Fed. Rep. 472, 474; Mor. Priv. Corp. §§ 281, 282. But, assuming that such jurisdiction exists, the bill in this case does not show that the corporation is insolvent, or that it owes any debt which it has refused or is unable to pay. The stockholders and directors of the company are denounced as a body of "conspirators," and other hard adjectives applied to them. But, when critically examined, the alleged conspiracy consists only in a purpose of the stockholders and directors of the company to turn the plaintiffs out of the offices of the company which they hold; and, as the purpose of the company was to turn its president out of office also, he cheerfully made common cause with the plaintiffs, and by concerted action with them appeared in court at the instant the bill was filed, and undertook to confess for the company the allegations of the bill, and consent to the

appointment of a receiver to wind up its affairs. This, of course, he had no right to do. As president of the company, he had no authority to confess the bill, and consent to the appointment of the receiver to wind up the affairs of the corporation. This was, in effect, to consent to the dissolution of the corporation of which he was president. He could give no such consent without the authority of the stockholders or directors of the corporation. The order appointing the receiver was therefore obtained without any notice to the corporation, or its appearance by any one having authority to speak for it.

It is alleged in the bill that some $40,000, coming into the possession of the corporation, has not been invested or appropriated as it should have been. But as this money came into the hands of the very officers who are now making this complaint, and was used and appropriated in the manner that it was by them, it comes with exceeding ill grace from them to complain of their own action.

From the bill and the affidavits in the case, it appears that the plaintiffs and the president of the company, who is acting in concert with them, at one time composed a firm carrying on the same kind of business which the defendant corporation is now conducting. The corporation succeeded to the business of that firm, and the members of that firm became stockholders and officers in the corporation. Finding that they were about to be displaced as officers of the corporation, of which they had had the chief management and control, they conceived the idea of wrecking it, by filing the bill in this case, and procuring, without the knowledge of the corporation, the appointment of a receiver. Coincident with this action, they took steps to reorganize the old firm, and resume the business conducted by them previous to the organization of the corporation. It was evidently their expectation that the proceeding instituted for the appointment of a receiver would discredit the corporation with its patrons, and enable them to secure the business of the company. This, and nothing else, was the real purpose of the bill. The bill is utterly without merit. The appointment of the receiver was procured without notice to the company, and without bringing to the attention of the court the fact that the officer assuming to speak for the company had no authority to do so. The judgment of the court was not invoked on the sufficiency of the case made by the bill, because it was understood the company was consenting to the order made. This was an error of fact, which misled the court. But for this error, there is no reason to suppose the order appointing the receiver would have been made. The receiver must be discharged, and all the costs of the receivership, including the fees and expenses of the receiver, taxed against the plaintiffs.